DAVIS *v.* STATE.

Opinion delivered November 23, 1925.

1. CRIMINAL LAW—POWER TO SUSPEND EXECUTION OF SENTENCE.—Although at common law the courts have the power to suspend sentence temporarily or for a reasonable time to consider motions for new trial and the like, they have no authority to suspend execution of their sentences indefinitely; such power being vested in the Governor.

2. CRIMINAL LAW—POWER TO SUSPEND EXECUTION OF SENTENCE.—Acts 1923, p. 40, *held* not to give the circuit court power to suspend execution of a sentence pronounced before the act was passed.

3. CRIMINAL LAW—SUSPENSION OF SENTENCE—CONSTRUCTION OF ACT.—Acts 1923, p. 40, gives the court authority to postpone pronouncement of sentence only, and not to stay execution of sentence already pronounced.

4. CRIMINAL LAW—ORDER COMMITTING ACCUSED.—An order of the circuit court committing defendant, sentenced to one year in the penitentiary and at large under a void order granting a stay of execution, to serve his sentence, *held* valid, though more than a year had elapsed since the sentence was imposed, since the sentence is satisfied, not by lapse of time after it is pronounced, but by actual suffering of the punishment imposed.

Appeal from Saline Circuit Court; *Thomas E. Toler,* Judge; affirmed.

STATEMENT OF FACTS.

Tobe Davis was indicted by the grand jury of Saline County for the crime of selling intoxicating liquors in violation of the statute and pleaded guilty to the charge. The judgment in the case is as follows:

"On this day, Wednesday, September 6, 1922, comes the State of Arkansas by her prosecuting attorney, J. M.

Smith, Esqr., comes also the defendant in proper person and enters his plea of guilty to the charge in the indictment herein and pleads the mercy of the court, whereupon the court fixed his punishment at one year in the Arkansas State Penitentiary.

"It is therefore considered, ordered and adjudged by the court that the said defendant be remanded into the custody of the sheriff of Saline County to be by him safely and speedily transported to the penitentiary house, or convict camp or the State farm of the State of Arkansas and there confined at hard labor for a period of one year, and that the State of Arkansas have and recover of said defendant all the costs of this prosecution and have execution therefor.

"On motion and by consent of the prosecuting attorney it is further ordered and adjudged that this judgment and sentence be stayed, so far as pertaining to imprisonment of defendant, provided said defendant does not in any manner or form whatever violate any of the liquor laws of the State of Arkansas, but, should he at any time violate any of the liquor laws of this State, then his judgment and sentence is to be in full force and effect from and after any violation by him.

(Signed)    "W. H. Evans, Judge."

Judge Thomas E. Toler succeeded Judge W. H. Evans, and at an adjourned term of the Saline Circuit Court held on the 13th day of July, 1923, caused an order to be entered of record wherein it was adjudged that the suspension of the execution of the judgment of conviction in the case of Tobe Davis against the State of Arkansas was without authority, and the court then proceeded to enter a judgment of its own suspending the execution of the sentence in said case indefinitely.

On September 8, 1925, a motion was filed in said circuit court to revoke the order suspending the execution of the sentence in said case on the ground that Tobe Davis was again violating the liquor laws. On Septem-

ber 16, 1925, the circuit court found that Tobe Davis had violated the previous orders of the court in the premises, and that the suspension of the execution of his sentence should be revoked.

It was therefore ordered and adjudged that the suspension of the execution of the sentence should be revoked, and a commitment was ordered to be issued for the defendant to be transported to the penitentiary to serve one year under the original sentence.

To reverse the last judgment, Tobe Davis has duly prosecuted an appeal to this court.

*J. B. Milham,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, J., (after stating the facts). It will be noted that in the original judgment Tobe Davis pleaded guilty to the charge of selling intoxicating liquors in violation of law, and the court fixed his punishment at one year in the State penitentiary. It was ordered that Davis be remanded to the custody of the sheriff, and by him transported to the State penitentiary to be there confined for a period of one year. By agreement with the prosecuting attorney, it was ordered that the judgment and sentence be stayed, as far as the imprisonment was concerned, provided the defendant did not in any manner subsequently violate the liquor laws of the State.

The effect of this judgment was that the circuit court granted a stay of execution of the sentence against the defendant during good behavior, and thereby suspended the execution of the sentence against him indefinitely. The successor of the circuit judge, who made this order, was of the opinion that the order was illegal and void, and set it aside; but made an order the practical effect of which was also to grant a suspension of the execution of the sentence against the defendant for an indefinite time.

For cause shown the circuit court subsequently revoked this order and issued a commitment for the de-

fendant. This appeal is prosecuted for the purpose of reversing that judgment, and raises the issue of whether the court had the power to suspend the execution of the sentence against the defendant for an indefinite time.

No power to suspend the execution of its sentence has been conferred upon the circuit courts of this State by our Constitution, and no such power was conferred by our statutes, in so far as the proceedings in this case are concerned. Consequently, if such power existed, it must come from the common law or be one of the inherent powers of the court. It cannot be said that power to suspend the execution of a sentence is necessary for the due administration of justice. It is true that a court has the inherent power to enforce its own orders; but this does not give it the discretion to permanently refuse to do so. At the common law a court has power to suspend sentence temporarily or for a reasonable time in order to afford time to consider motions for new trials on the ground of newly discovered evidence and the like, and to enable the court to inform itself as to the severity of the sentence to be pronounced, and such is the effect of our former decisions on the question. *Thurman* v. *State,* 54 Ark. 120; *Greene* v. *State,* 88 Ark. 290; *Joiner* v. *State,* 94 Ark. 198, and *Cox* v. *State,* 114 Ark. 234.

In *Ex parte United States,* 242 U. S. 27, it was held that under the Constitution courts are possessed of an inherent discretionary authority in the wise performance of their duties in trying offenses and imposing the penalties provided by law; but they have no inherent power to mitigate or avert those penalties by refusing to inflict them in individual cases.

It was further held that, while at common law the courts exercised a discretion to suspend either the imposition or execution of a sentence temporarily for purposes and in ways consistent with the due enforcement of the penal laws, so as to facilitate action by the pardoning power and avoid miscarriages of justice , they neither possessed nor claimed the power of permanent refusal to enforce them.

The opinion in the case was delivered by Chief Justice White, and the subject was ably and thoroughly reviewed by him.

In a case note to 26 A. L. R., at p. 400, it is said that, by the weight of authority, a statute is not unconstitutional because it confers on a court the power to suspend a sentence indefinitely in the discretion of the court. The case of *Ex parte United States, supra,* is first cited, and reference is also made to a report of that case in L. R. A. 1917E, p. 1178 and Ann. Cas. 1917B, 355, both of which contain a list of authorities on both sides of the question under consideration, and cite earlier case notes thereon.

According to the annotation in these reports, the weight of authority is that, in the absence of a statute conferring it, courts have no power to suspend the execution of their sentences indefinitely. To the same effect, see 16 C. J. 1333. Be that as it may, after considering the leading opinions of the courts on both sides of the question, we are convinced that the opinion of Chief Justice White contains the better reasoning on the subject. Indeed, this is the effect of our holding in *Holden* v. *State,* 156 Ark. 521.

It is evident that when a court undertakes on its own motion to suspend a sentence indefinitely, it really refuses to enforce the punishment provided by statute, unless it shall at some future time conclude that it is proper to do so. The power to exercise discretion as to the enforcement of the punishment provided by law and pronounced by the court is vested in the Governor.

We are therefore of the opinion that the circuit court in each instance erred in holding that it had inherent power or any power at all to suspend the execution of the sentence during the good behavior of the defendant. In reaching this conclusion we are not unmindful that the Legislature of 1923 passed an act authorizing circuit judges to suspend sentences upon certain conditions. General Acts of 1923, p. 40.

Section 1 of that act provides in effect that whenever, in criminal trials in a circuit court, a plea of guilty shall have been accepted, or a verdict of guilty shall have been rendered, the circuit judge shall have authority to postpone the pronouncement of final sentence upon such conditions as he shall deem proper.

It is apparent from the language of this act that it was intended to operate prospectively only. While Judge Toler undertook to suspend the execution of the sentence after the passage of this act, yet it was in a case where sentence had been pronounced prior to the passage of the act. Consequently the act did not apply; and the circuit judge could not make an order of suspension under the act. Indeed, the act only gives the circuit court authority to postpone the pronouncement of final sentence and does not give it authority to stay the execution of a sentence already pronounced.

The result of our views is that the circuit judge in each instance exceeded his power, and the stay of execution of the sentence was void. This being so, the circuit court had the right to order that Davis be taken into custody, to the end that he might serve his sentence. The postponement of his imprisonment was with his consent, and he can not now object to being called upon to serve it. It does not make any difference that more than a year has elapsed since the sentence of one year's imprisonment in the penitentiary was imposed. While at large under the void orders of the circuit court, to which he assented, the defendant was in the same situation that he would have been had he escaped from custody. A sentence of imprisonment is satisfied, not by lapse of time after it is pronounced, but by actual suffering of the imprisonment imposed by it. The reason is that the time at which a sentence shall be carried into execution is not provided by statute and forms no part of the judgment of the court. *Massey* v. *Cunningham, ante* p. 410.

As sustaining this view in addition to the authorities used in that case we cite the following: *Miller* v. *Evans,*

(Iowa) 56 L. R. A. 101; *Gray v. State,* (Ind.) 8 N. E. 16; *State v. Abbott,* (S. C.) 70 S. E. 6, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189; *Fuller v. State,* (Miss.) 39 L. R. A. (N. S.) 242, 52 So. 6; *Ex parte Lujan,* (N. M.) 137 Pac. 587; *Ex parte Bates,* (N. M.) 151 Pac. 698; L. R. A. 1916A, 1285; *Ex parte Bugg,* (Mo. Ct. of Appls.) 145 S. W. 831, and *Brabandt v. Commonwealth,* 162 S. W. 786.

It follows that the judgment must be affirmed.