## STOCKS *v.* STATE.

### Opinion delivered October 4, 1926.

1. CRIMINAL LAW—EXECUTION OF SENTENCE.—The expiration of a period of time greater than the length of a sentence does not expiate it.

2. CRIMINAL LAW—EXECUTION OF SENTENCE.—A sentence of imprisonment is satisfied, not by lapse of time after it is pronounced, but by actual imprisonment, because the time in which a sentence shall be carried into execution is not provided by statute and forms no part of the judgment of the court.

3. CRIMINAL LAW—EXECUTION OF SENTENCE—LIMITATION.—Where a sentence of imprisonment was suspended in 1910 with defendant's consent, and was imposed in 1926, *held* that the sentence was not barred by the statute of limitations.

4. CRIMINAL LAW—LIMITATION.—Crawford & Moses' Dig., § 6959, relating to actions on judgments, and § 6960, limiting time of all actions not included in the preceding sections, have no application to criminal proceedings.

5. CRIMINAL LAW—SUSPENSION OF SENTENCE—RIGHT TO COMPLAIN.—Where a sentence of imprisonment was suspended during good behavior by defendant's consent, he is in no position to complain of its subsequent enforcement upon his violating the condition of the suspension.

Appeal from Conway Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Edward Gordon,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

SMITH, J. Appellant was indicted at the October, 1909, term of the Conway Circuit Court for the crime of grand larceny, and at the ensuing March, 1910, term of the court entered a plea of guilty, and was sentenced to a term of one year in the penitentiary. After being so sentenced, the judgment further recited that, by consent, the sentence was suspended and the cause continued until the following October term of the court, and appellant was allowed to stand on his bond. At the October, 1910, term, a judgment against appellant was rendered, which recited that he appeared in open court and pleaded guilty to the indictment against him, and, upon this plea, he was given a sentence of one year in the penitentiary. At a later day of the same term it is recited that appellant appeared and moved the court to set aside the judgment of the court sentencing him to a term in the penitentiary and to suspend and postpone sentence for and during his good behavior. The prayer of this motion was granted, and it was ordered that the sentence be set aside, and the cause was continued, and appellant was permitted to remain at large on his own recognizance for and during his good behavior, "the right and judgment of the court herein being hereby expressly retained to pass sentence herein and commit said defendant at any succeeding term, should he again violate any of the criminal laws of this State."

In March, 1926, appellant entered a plea of guilty in a court of a justice of the peace to a charge of possessing intoxicating liquors, and on May 24, 1926, an adjourned day of the March term of the circuit court, appellant was cited to show cause why sentence should not be pronounced on him pursuant to the judgment above mentioned, and, upon a hearing then had, the court adjudged that appellant had violated the condition

on which the sentence had been suspended, and sentenced him to a term of one year in the penitentiary, and this appeal is from that judgment.

It may be first said that the plea of guilty entered by appellant was not a conditional plea, and therefore does not fall within the case of *Wolf* v. *State*, 102 Ark. 295, 144 S. W. 208. It was such a plea as was entered in the case of *Joiner* v. *State*, 94 Ark. 198, 126 S. W. 723.

Appellant insists, however, that, when the court sentenced him at the March, 1910, term of the court, and later suspended the sentence and continued the cause until the October, 1910, term, the court lost jurisdiction to subsequently impose sentence, as the order of suspension of the March term was void.

In support of this contention it is argued that, at the time the sentence was imposed upon appellant, circuit courts did not have authority even to continue causes for judgment, and, as this sentence was therefore in effect, appellant is now entitled to his discharge, as a much greater period of time has since elapsed than the term of the sentence. It also insisted that the right now to impose this sentence is barred by the statute of limitations.

The case of *Davis* v. *State*, 169 Ark. 932, 277 S. W. 5, and the more recent case of *Ketchum* v. *Vansickle, ante* p. 784, 286 S. W. 948, are against the contention that the expiration of a period of time greater than the length of the sentence expiates it. In the case of *Ketchum* v. *Vansickle, supra,* we quoted from the case of *Davis* v. *State, supra,* the following statement of the law: "It does not make any difference that more than a year has elapsed since the sentence of one year's imprisonment in the penitentiary was imposed. While at large under the void orders of the circuit court, to which he assented, the defendant was in the same situation that he would have been had he escaped from custody. A sentence of imprisonment is satisfied, not by lapse of time after it is pro-

nounced, but by the actual suffering of the imprisonment imposed by it. The reason is that the time at which a sentence shall be carried into execution is not provided by statute and forms no part of the judgment of the court. *Massey* v. *Cunningham, ante* p. 410.''

Nor do we think the right of the court to impose sentence is barred by any statute of limitations. Section 6959, C. & M. Digest, is cited. This section provides that ''actions on all judgments and decrees shall be commenced within ten years after cause of action shall accrue, and not afterwards.'' Section 6960, C. & M. Digest, is also cited. This is a section which follows other sections prescribing various periods of limitation for different causes of action, and provides that ''all actions not included in the foregoing provisions shall be commenced within five years after the cause of action shall have accrued.'' It is sufficient to say that both of these sections relate exclusively to civil actions, and have no application to criminal proceedings.

In the case of *Barwick* v. *State,* 107 Ark. 115, 153 S. W. 1106, a plea of guilty was entered at one term and the sentence was pronounced at a subsequent term, and it was there contended that the case had been abandoned and that the prosecution was barred by lapse of time. This contention was there answered as follows: ''As before stated, no judgment was rendered, and the court continued the case for further proceedings. It was not abandoned, and no statute is brought to our attention which would operate as a bar, on account of lapse of time, to the exercise of the court's power to render judgment after lapse of several terms.''

An unusually long period of time elapsed here between the entry of the plea of guilty and the final pronouncement of sentence. But there was no showing that this was not done with appellant's consent and for his benefit. On the contrary, the judgment complained of recites that, after the sentence had been pronounced, the sentence was, with appellant's consent and on his motion,

suspended during his good behavior. He is therefore in no position to complain.

No error was committed, so the judgment must be affirmed.

HART, J., dissents.