HARTLEY *v.* STATE.

Opinion delivered September 28, 1931.

**238**

A. H. *Rowell, Jr.,* and *Rowell & Alexander,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

HUMPHREYS, J. On January 15, 1926, appellant entered a plea of guilty in the circuit court of Jefferson County to a charge of selling liquor under a State statute making the unlawful sale thereof a felony punishable by imprisonment in the State penitentiary. The imposition of the sentence was postponed by agreement during the good behavior of appellant, and the cause was continued. On May 16, 1931, it was made to appear by petition of the prosecuting attorney that appellant had violated his agreement with the court by committing offenses against misdemeanor statutes of the State. He was brought into court on an alias bench warrant for the purpose of imposing sentence on the plea of guilty entered by him on January 15, 1926. He objected to the imposition of the sentence on account of the lapse of time between the date of his plea of guilty and his rearrest and because he did not commit any other felony. His objections were presented by proper pleas.

The court heard testimony upon the issues joined, overruled appellant's pleas, and imposed a sentence of service in the State penitentiary at one year on his plea of guilty for unlawfully selling liquor, from which is this appeal.

The sentence was postponed under authority of act No. 76 of the General Assembly of 1923. That act authorizes the circuit judge to accept a plea of guilty and postpone pronouncement of final sentence upon proper and reasonable conditions if he deems it to the best interest of defendant and not harmful to society. The condition imposed in the instant case was that appellant's behavior thereafter should be good. This condition necessarily implied that appellant should obey and not violate the law. Good behavior in the sense of being law-abiding means not to violate the law. The record reflects that appellant pleaded guilty to unlawfully carrying a pistol

and paid a fine for the offense a short time before the sentence in the instant case was imposed. The testimony also tends to show that he committed other misdemeanors for which he was not prosecuted and convicted. It cannot be said therefore that it was contrary to the best interest of society for the circuit court to impose the delayed sentence. The condition upon which the sentence was postponed had been broken.

It was pleaded, and now argued, that the court lost jurisdiction to impose the sentence by the lapse of time. Not so. Neither the statute in question nor any other statute contains a time limitation. No limitation was fixed in the order. It was clearly a continuing order and remains in force and effect until changed or modified.

This court announced the rule in *Davis* v. *State,* 169 Ark. 277, 277 S. W. 5, that a sentence of imprisonment can only be satisfied by serving and not by lapse of time. This rule was reaffirmed in the case of *Stocks* v. *State,* 171 Ark. 835, 286 S. W. 975. The same rule was applied by this court in construing act No. 76 of the General Assembly of 1923, saying: ''That rule applies here in the absence of a statute limiting the time in which the court may revoke the suspended sentence.'' *Denham* v. *State,* 180 Ark. 382, 21 S. W. (2d) 608.

No error appearing, the judgment is affirmed.

Mr. Justice SMITH concurs.