Spears *v.* State.

Crim. 4067

Opinion delivered November 8, 1937.

George H. Holmes and E. W. Brockman, for appellant.

Jack Holt, Attorney General, and John P. Streepey, Assistant, for appellee.

McHANEY, J. Appellant was indicted on a charge of grand larceny in July, 1933, and thereafter, on July 17, 1934, entered his plea of guilty to said indictment, at which time the court made this order: "Whereupon, the court doth order that the judgment rendered herein be and the same is hereby suspended during good behavior and payment of the court costs in this suit, the court retaining jurisdiction for all purposes until the next term of this court." Appellant was then discharged and no further action was taken against him until July 19, 1937, at which time the prosecuting attorney filed a petition praying that the suspended sentence be set aside and the defendant be sentenced to the penitentiary. There was a hearing on this motion and, on July 20, 1937, the court granted the prayer of the motion, set aside the suspended sentence, and sentenced appellant to the penitentiary. This appeal is from that judgment.

Appellant assigns three reasons or grounds for a reversal of this judgment. The first is that the court, having imposed the limitation in the order of July, 1934, in which he suspended the sentence, that is, "the court retaining jurisdiction for all purposes until the next term of court," is now without jurisdiction to change, alter or modify said order because the next term of court has elapsed. The second ground is that the testimony

offered on behalf of the state failed to show that appellant violated the conditions of said order, even on the question of good behavior. The third ground is that the decision of the court was based upon hearsay and neighborhood rumor, and to deprive one of his liberty on neighborhood rumor would set a dangerous precedent.

Appellant's first contention is based upon language used in *Hartley v. State,* 184 Ark. 237, 42 S. W. (2d) 7, where it was said: "It was pleaded, and now argued, that the court lost jurisdiction to impose the sentence by the lapse of time. Not so. Neither the statute in question nor any other statute contains a time limitation. No limitation was fixed in the order. It was clearly a continuing order and remains in force and effect until changed or modified." It is contended here that there was a limitation fixed in the order suspending the sentence, that is, until the next term of court, and that after the next term, the court lost jurisdiction to change the order.

Section 4053 of Pope's Digest confers authority on circuit courts in criminal cases, "if he shall deem it best for the defendant and not harmful to society, to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restitution of the property involved, and the payment of the costs of the case." Section 4054 reads as follows: "Such judge shall have power, at any time the court may be in session, to revoke the suspension and postponement mentioned in § 4053, and to pronounce sentence and enter final judgment in such cause whenever that course shall be deemed for the best interests of society and such convicted person." Section 4055 provides for the collection of costs whether the sentence be suspended or not. It will be noticed that by § 4054 the court has the power at any time that it is in session to revoke the suspension of sentence, and to pronounce sentence and enter final judgment, "whenever that course shall be deemed for the best interests of society and such convicted person." So the court had power to re-

voke the suspended sentence at any time the court was in session. The fact that the court made an order, retaining jurisdiction for all purposes until the next term of court, could not have the effect of abrogating the statute and thereafter depriving the court of the jurisdiction conferred upon it by the statute. That language in the order must be treated as surplusage. In *Denham* v. *State,* 180 Ark. 382, 21 S. W. (2d) 608, this court said: "In *Ketchum* v. *Vansickle,* 171 Ark. 784, 286 S. W. 948, the court held that, where the circuit court, without authority, suspended the execution of a sentence for one year in the penitentiary, to which suspension the defendant consented, the court had authority, more than a year later, to direct that the sentence be enforced. Again, in *Stocks* v. *State,* 171 Ark. 835, 286 S. W. 975, it was held that, where a sentence of imprisonment was suspended in 1910 with the defendant's consent, and was imposed in 1926, the sentence was not barred by the statute of limitations. The court recognized the rule laid down in the Davis case (169 Ark. 932, 277 S. W. 5) that a sentence of imprisonment is satisfied, not by lapse of time after it is pronounced, but by the actual suffering of the sentence imposed by it. The reason is that the time during which a sentence may be carried into execution is not provided by statute, and forms no part of the judgment of the court. The rule applies here in the absence of a statute limiting the time within which the court may revoke the suspended sentence."

The next two grounds urged for a reversal may be considered together as they both challenge the sufficiency of the evidence to sustain the order of revocation. This is a matter coming within the sound discretion of the trial court, *Denham* v. *State, supra.* Of course, such discretion could not be arbitrarily exercised without any basis in fact, but the statute itself confers the authority to revoke the suspension of sentence "whenever that course shall be deemed for the best interests of society and such convicted person." Here, the evidence was sufficient to justify the court in exercising the discretion it did as the evidence on the part

of the state was to the effect that appellant was drunk, was cursing in a public place, and had a fight with one Jack Fulmer. The statute does not provide how the court shall proceed in determining the necessity for the revocation of the suspended sentence. The trial court made a finding in which he recited that, in 1935, there had been a hearing before him of complaints by a number of citizens, asking for the revocation of appellant's suspended sentence, but that on account of the youth of appellant, he gave him another chance and warned him that he would be watched by persons of the court's choosing, and if his conduct was not as it should be, he would be brought back into court and sentenced; that there had been other complaints against him for the excessive use of alcoholic liquors and that the grand jury had indicted him for the crime of assault with intent to kill.

Under these conditions, we are of the opinion that the court was fully justified, and that its judgment should be affirmed.