CALLOWAY *v.* STATE.

4181 145 S. W. 2d 353

Opinion delivered December 9, 1940.

---

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

HOLT, J. March 6, 1934, appellant, Connie Calloway, entered a plea of guilty, in the Madison circuit court, to the crime of assault with the intent to kill. The court assessed his punishment at ten years in the state penitentiary, with the provision, however, that the sentence should be suspended pending appellant's good behavior. Appellant was then allowed his liberty and no further action taken in the matter until December 12, 1939, when the prosecuting attorney of the district filed a petition praying that the order suspending sentence be set aside, that appellant be sentenced to the penitentiary, and final judgment entered.

Thereafter upon a hearing on this petition before the court, from the testimony of witnesses, the court made the following findings:

"That defendant, Connie Calloway, was convicted of the crime of assault with intent to kill, in this court, on the 6th day of March, 1934; that such conviction was upon the plea of guilty of said defendant; . . . . and made a part of the record herein; that upon such plea of guilty and conviction, the court adjudged that defendant should serve a sentence of ten years in the Arkansas Penitentiary; that pronouncement of such sentence should be suspended during the good behavior of defendant; that subsequent to such order of suspension, defendant has been guilty of a misdemeanor, the record of conviction for which was duly introduced herein; that said defendant has been guilty of selling beer and wine to minors, in violation of the law; that said defendant was a party to, or had knowledge of the attempted subornation of a witness subpoenaed to appear against him herein; that defendant had knowledge of the perpetration of grand larceny of cattle in Madison

county during the latter part of 1939 by persons other than himself; that he was invited to participate in such grand larceny, and refused only because of the inclement weather at the time. Based upon the evidence adduced, the court finds that since the date of such conviction, said defendant has not conducted himself in such manner as was contemplated by the good behavior provision of such suspension; that by reason of his conduct as shown by the proof, defendant is no longer entitled to the further and continued leniency accorded him by this court at the time of such conviction and suspension of sentence."

The court then revoked the order suspending appellant's sentence and proceeded to sentence him for a term of one year, in the state penitentiary and "that pronouncement of sentence of the remaining nine years be suspended until further orders of this court." It is from this order of the court that this appeal comes. No brief has been filed on behalf of appellant.

The question here involved is the power of the circuit court to determine whether a person who has been given a suspended sentence, may thereafter be tried, his suspended sentence revoked, and sentence imposed.

We think it clear under the provisions of §§ 4053-4054 of Pope's Digest that such power is vested in the circuit court. These sections are as follows:

Section 4053. "Whenever, in criminal trials in circuit court, a plea of guilty shall have been accepted or a verdict of guilty shall have been rendered, the judge trying the case shall have authority, if he shall deem it best for the defendant and not harmful to society, to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restitution of the property involved, and the payment of the costs of the case."

Section 4054. "Such judge shall have power, at any time the court may be in session, to revoke the suspension and postponement mentioned in § 4053, and to pronounce sentence and enter final judgment in such cause whenever that course shall be deemed for the best interests of society and such convicted person."

While appellant in his motion for a new trial assigns some 15 errors, all in the main relate to the admission and sufficiency of the testimony introduced at the hearing. We deem it unnecessary here to attempt to set out the evidence upon which the trial court based its findings, *supra.* Suffice it to say that after a review of this testimony, we do not think there has been any abuse of that discretion accorded the court in matters of this kind.

The rule is stated in 15 American Jurisprudence 151, § 500, in part as follows: ". . . The behavior of the defendant is a question of law to be passed on by the court, and the exercise of its discretion in this manner cannot be reviewed in the absence of gross abuse. . . ."

In a very recent case, *Spears* v. *State,* 194 Ark. 836, 109 S. W. 2d 926, which dealt with the power of the circuit court under the provisions of § 4054 of Pope's Digest, we said:

"The next two grounds urged for a reversal may be considered together as they both challenge the sufficiency of the evidence to sustain the order of revocation. This is a matter coming within the sound discretion of the trial court. *Denham* v. *State,* 180 Ark. 382, 21 S. W. 2d 608. Of course, such discretion could not be arbitrarily exercised without any basis in fact, but the statute itself confers the authority to revoke the suspension of sentence 'whenever that course shall be deemed for the best interests of society and such convicted person.' Here, the evidence was sufficient to justify the court in exercising the discretion it did as the evidence on the part of the state was to the effect that appellant was drunk, was cursing in a public place, and had a fight with one Jack Fulmer. That statute does not provide how the court shall proceed in determining the necessity for the revocation of the suspended sentence. The trial court made a finding in which he recited that, in 1935, there had been a hearing before him of complaints by a number of citizens asking for the revocation of appellant's suspended sentence, but that on account of the youth of the appellant, he gave him another chance and warned him that he would be watched by persons of the court's choosing, and if his conduct was not as it should be, he would be brought back into court

and sentenced; that there had been other complaints against him for the excessive use of alcoholic liquors and that the grand jury had indicted him for the crime of assault with intent to kill.

"Under these conditions, we are of the opinion that the court was fully justified, and that its judgment should be affirmed."

We think the principles announced in the Spears case control here and accordingly the judgment is affirmed.