Gross *v.* State

5201                                   403 S. W. 2d 75

Opinion delivered May 23, 1966

*H. Allan Dishongh,* for appellant.

*Bruce Bennett,* Atorney General; *Fletcher Jackson,* Asst. Attorney General, for appellee.

OSRO COBB, Justice. On November 4, 1958, appellant was convicted in the Pulaski Circuit Court of the offense of burglary and grand larceny and was given a five-year sentence which was suspended by the court for the term of said sentence in accordance with the provisions of Ark. Stat. Ann. § 43-2324 (Repl. 1964), which reads as follows:

> *"Postponing pronouncement of sentence.*—Whenever, in criminal trials in all courts of record, a plea of guilty shall have been accepted or a verdict of guilty shall have been rendered, the Judge trying the case shall have authority, if he shall deem it best for the defendant and not harmful to society, to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restitution of the property involved, and the payment of the costs of the case. Such postponement shall be in the form of a suspended sentence for a definite number of years, running from the date of the plea or verdict of guilty and shall expire in like manner as if sentence had been pronounced; *provided, however, the Court having jurisdiction may at any time during the period of*

*suspension revoke the same and order execution of the full sentence."* (Italics ours.)

On September 29, 1963, appellant was present at a drinking party and fight in Conway County resulting in the killing of one of the participants. Appellant was thereafter charged with beating the deceased to death with malice aforethought, premeditation and intent to murder, i.e., murder in the first degree.

On October 16, 1963, the Pulaski Circuit Court, after hearing, entered an order revoking appellant's suspended sentence of November 4, 1958, and sentencing appellant to the penitentiary for a term of five years from October 16, 1963.

The record before us also reflects that appellant was subsequently brought to trial on the murder charge in Conway County and was found guilty by the jury on March 5, 1964, a sentence of life imprisonment being imposed.

On November 5, 1965, appellant, while confined in the penitentiary, filed his petition with the Pulaski Circuit Court for a writ of habeas corpus expressly invoking procedures provided by Criminal Procedure Rule No. 1, set forth in our per curiam order of October 18, 1965, and appearing at 239 Ark. 850a and 850b.

Appellant's petition for writ of habeas corpus states that it is based upon the contention that the Pulaski Circuit Court had erroneously revoked appellant's suspended sentence by taking such action before appellant had been actually convicted of a new offense. Appellant's petition was reached for hearing on January 13, 1966, when appellant was brought before the court by prison authorities and was represented by counsel, H. Allan Dishongh. All evidence offered on behalf of appellant was duly received and made a part of the record. This included some 22 letters received by appellant from various parties, including his attorney, court officials

and judges. The evidence reflected that appellant was convicted of the charge of first degree murder in the Conway Circuit Court.

The Pulaski Circuit Court dismissed appellant's petition for a writ of habeas corpus and appellant is here on appeal from that dismissal.

*Appellant's contention that a
subsequent conviction is a condition
precedent to revocation of a suspended sentence.*

We have examined this contention and find that it is untenable for many reasons, including the following:

1. Ark. Stat. Ann. § 43-2324 (Repl. 1964), which is the statutory authority for revocation of suspended sentences, contains no language so limiting the power and discretion of the trial court in such matters.

2. Appellant has not cited to this court a single case of any jurisdiction holding that an actual conviction for a subsequent offense is necessary before a suspended sentence may be revoked.

3. Trial courts are authorized under the statute quoted to suspend sentences when they deem it best for the defendant and not harmful to society. Likewise, when the trial court is persuaded that it is for the best interests of the defendant and of society to revoke a suspended sentence, he has and may exercise such discretion following a hearing.

4. While conviction for a subsequent offense is evidence of great weight in support of a petition for revocation of a suspended sentence, such evidence is by no means decisive in such a proceeding. For example, a subsequent conviction for negligent homicide in a traffic accident, absent evidence of deliberate misconduct by the accused, might very well be given little or no weight by the trial court in such a proceeding.

5. A person convicted of a criminal offense, who is released upon probation or a suspended sentence, knows that the leniency extended is conditioned upon his good behavior. When such an individual embarks upon a course of misbehavior, he forfeits the leniency extended him.

6. It is obvious that to leave a person convicted of a crime at large on a suspended sentence while known to be engaging in flagrant misconduct involving criminal and homicidal tendencies is against the best interests of the accused and the public; and for us to adopt the rule that under such threatening circumstances the accused should be left at large to pursue his course of misconduct, to the jeopardy of the general public, until such time as actually tried and convicted for a subsequent crime, would effectively abort all of the desired benefits and protection contemplated by the statute authorizing suspended sentences.

7. It is clearly in the public interest that our trial courts have and exercise the statutory discretion reposed in them with reference to the suspension of sentences in appropriate cases; and it likewise follows that trial courts should have and exercise their sound discretion in the revocation of such suspended sentences in appropriate cases. Any unreasonable limitations placed upon the trial courts in the exercise of their discretion in revoking suspended sentences could well serve to deny to some defendants suspension of sentences in the first instance. We have many times affirmed the actions of the trial courts in revoking suspended sentences because of the subsequent misconduct of the accused during the terms of the suspended sentences. *Spears* v. *State,* 194 Ark. 836, 109 S. W. 2d 926 (1937) ; *Calloway* v. *State,* 201 Ark. 542, 145 S. W. 2d 353 (1940) ; *Bodner* v. *State,* 221 Ark. 545, 254 S. W. 2d 463 (1953).

We conclude that the contention of appellant that his trial and conviction for a subsequent offense was a condition precedent to the revocation of his suspended sentence is without merit.

*Did the trial court grossly*
*abuse its discretion in revoking*
*suspended sentence of appellant?*

We have previously laid down the rule that the action of a circuit court in revoking a suspended sentence will not be disturbed except upon a showing of gross abuse of the discretion of the court in such a proceeding. *Calloway* v. *State, supra.*

We have concluded from this record and many case authorities reviewed that the trial court did not abuse its discretion in revoking appellant's suspended sentence. We set forth some of our reasons for this conclusion.

Of course, one charged with acts or a course of behavior which could result in a revocation of his suspended sentence is entitled to put on his defense to such charges at the hearing. Furthermore, since the action of the court upon such proceedings is reviewable here, *such hearings should be conducted with a court reporter present so that a full record may be available as to such proceedings. Gerard* v. *State,* 235 Ark. 1015, 363 S. W. 2d 916 (1963). In this case, appellant was given the fullest opportunity to present his defense. In *Spears* v. *State, supra,* cited with approval in *Bodner* v. *State, supra,* we stated with reference to the sufficiency of evidence to sustain an order of revocation of suspended sentence as follows:

"This is a matter coming within the sound discretion of the trial court. .. Of course, such discretion could not be arbitrarily exercised without any basis of fact, but the statute itself confers the authority to revoke the suspension of sentence 'whenever the course shall be deemed for the best interest of society and such convicted person.' "

In this case it was shown to the trial court that accused had engaged in a course of conduct and behavior which had resulted in his being charged with the offense

of murder in the first degree in Conway County. Furthermore, the record reflects that local authorities in Conway County were apprehensive as to the confinement of the accused in the local jail, in view of appellant's known acts of violence and homicidal tendencies. At the hearing for revocation of the suspended sentence, the details of the alleged murder, for which appellant was subsequently convicted, were brought to the attention of the trial court.

Since the principal test in revocation proceedings is the interests of society generally along with the interests of the accused, the action of the trial court in revoking appellant's suspended sentence upon the information before the court was not inconsistent with the best interests of society or of appellant. We conclude, therefore, that the trial court did not abuse its discretion in dismissing appellant's petition for a writ of habeas corpus.

Finding no merit in any of the contentions of appellant, the judgment of the trial court is affirmed.