FRANKIE KINARD *v.* CITY OF CONWAY

5223                                                   407 S. W. 2d 382

Opinion delivered October 24, 1966

[Rehearing denied November 21, 1966.]

*Terral, Rawlings, Matthews & Purtle,* for appellant.

*Bruce Bennett,* Attorney General; *Jerry W. Faubus,* Asst. Atty. Gen., for appellee.

OSRO COBB, Justice. This appellant, a minor, on two separate occasions within a period of less than one year, was arrested, charged and convicted in the Municipal Court of Conway for the offense of driving while under the influence of intoxicating liquor. Appellant appealed his second conviction to the Circuit Court where, following trial on September 20, 1965, appellant was found guilty as a second offender and was sentenced to 120 days in jail and his driving privileges were suspended for 60 days. When imposing sentence, the trial court announced that he was suspending the imposition of the jail sentence for a period of one year conditioned upon the lawful conduct and behavior of appellant during such period of time.

During the one year suspension of the jail sentence appellant was arrested, charged and released upon cash bond for the separate offenses of drunkenness and illegal possession by a minor of intoxicants. These offenses were alleged to have been committed by appellant on February 2, 1966, in the nighttime within the city limits of Conway. On the 14th day of March, 1966 the Municipal Court entered its separate judgments finding appellant guilty on both charges. Appellant was fined $10.00 and $1.00 costs for possessing intoxicants while a minor, and $20.00 plus $1.00 costs for the offense of drunkenness. The record reflects that appellant entered a plea of guilty as to the drunkenness charge.

On April 18, 1966 the Circuit Clerk of Faulkner County notified appellant by letter that a hearing on a petition to revoke his suspended jail sentence would be held by the Circuit Judge on April 28, 1966. A formal hearing was held on that date, appellant being represented by counsel and the City of Conway by the City Attorney. It is significant that in the course of the hear-

ing appellant testified briefly and admitted that at the time of his arrest on February 2, 1966 he was alone in his car and that a quantity of beer was in the car. Following said hearing the Circuit Court entered its order revoking the suspension of the previous jail sentence of 120 days imposed upon appellant. It is from this action of the trial court that the case reaches us on appeal

All points raised by appellant relate to the alleged lack of authority of the Circuit Court, under the facts peculiar to this case, to revoke the suspension of appellant's sentence by invoking the provisions of Ark. Stat. Ann. § 43-2324 (Repl. 1964).

We quote the applicable statutes as to the offense of driving while under the influence of intoxicating liquor and the penalties therefor, as follows: Ark. Stat. Ann. § 75-1027, § 75-1029 (Repl. 1957); § 75-1029.2 (Supp. 1965):

> "75-1027. *Driving under influence of intoxicating liquor.*—It is unlawful and punishable as provided in Section 3 [§ 75-1029] of this Act for any person who is under the influence of intoxicating liquor to drive or be in actual control of any vehicle within this State. [Acts 1953, No. 208, § 1, p. 654.]"

> "75-1029. *Penalty.* * * * On a second or subsequent conviction for an offense committed within one [1] year of the first offense of a violation of this Act [§§ 75-1027—75-1031], he shall be punished by imprisonment for not less than ten days [10], nor more than one [1] year, and a fine of not less than two hundred and fifty dollars ($250.00), nor more than one thousand dollars ($1,000.00), and his privilege to operate a motor vehicle shall be revoked for one [1] year. Imprisonment as provided in this Section shall not be deemed to have begun until after conviction and sentencing of the defendant. [Acts 1953, No. 208, § 3 p. 654."]

> "75-1029.2. *Penalty mandatory.*—The penalty pro-

vided in Section 1 [§ 75-1029.1] hereof is mandatory and no court shall have authority to suspend it. [Acts 1961, No. 52 § 2 p. 108.]'' (Italics supplied).

It was, therefore, the mandatory duty of the court when imposing a jail sentence upon appellant for conviction of a second offense of driving while under the influence of intoxicants within one year of the previous offense, to have also included in the sentence revocation of appellant's driving privileges for one year, and to have imposed upon appellant a fine of not less than $250.00. However, this is not raised or at issue on this appeal.

We have many times held that the sufficiency of the evidence to sustain an order of revocation of a suspended sentence is a matter addressing itself to the sound discretion of the trial court. *Bodner v. State,* 221 Ark. 545, 254 S. W. 2d 463 (1953); *Calloway v. State,* 201 Ark. 542, 145 S. W. 2d 353 (1940); *Spears v. State,* 194 Ark. 836, 109 S. W. 2d 926 (1937).

We have examined the entire record in this case and we have concluded that the Circuit Judge did not abuse his discretion in revoking the suspension of the jail sentence. In *Gross v. State,* 240 Ark. 926, 403 S. W. 2d 75 (1966), we reviewed both the statutory authority of the trial judge and the proper procedures to be followed by the trial courts in such revocation proceedings. The rules announced by us in the *Gross* case are clearly applicable to this case. The latest legislative enactment as to suspension of sentences and conditions of probation is Act No. 438 of 1965, which now appears as Ark. Stat. Ann. 43-2331 et seq (Supp. 1965).

It has been noted by us in reviewing this case that appellant and his attorney had adequate notice in which to prepare for the hearing upon the petition to revoke appellant's suspended sentence; that appellant must have been aware of the importance of the hearing in-

volving his possible imprisonment and that, in the face of this situation, appellant did not produce a single witness to give testimony in his behalf as to the circumstances that actually existed at the time he was arrested on February 2, 1966 and charged with the offenses of drunkenness and possession by a minor of intoxicants. Furthermore, the charge against appellant for the offense of drunkenness on February 2, 1966, when found in his automobile which was not then in motion, is strikingly similar to the previous convictions of appellant for driving while under the influence of intoxicating liquor, the offense for which he had been given the suspended sentence. Appellant obviously disregarded the warnings given to him by the trial court at the time of the suspension of his sentence.

We therefore affirm the action of the trial court in revoking the suspension of the 120 day jail sentence of appellant.

Affirmed.