CURTIS LEE WELLS *v.* STATE OF ARKANSAS

5443                                        445 S. W. 2d 719

Opinion delivered October 20, 1969

*Harold Sharpe,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston* and *Mike Wilson,* Asst. Attys. Gen,. for appellee.

GEORGE ROSE SMITH, Justice. In 1966 the appellant Curtis Lee Wells, a youth apparently now in his twenties, pleaded guilty to a charge of burglary and received a five-year suspended sentence. In April, 1969, the trial judge revoked the suspension after a hearing at which four witnesses testified. In appealing from that order Curtis contends that the court abused its discretion in setting aside the suspension.

The pivotal point at the hearing was Curtis's complicity in a burglary at Madison on January 20, 1969. On that date Eldridge Butler's place of business was broken into. The missing articles included transistor radios, cigarettes, a gold ring, and several wrist watches. Three or four days later Curtis left the county in a car and drove to Detroit.

Another youth, James Louis Wilson, was charged with having participated in the burglary. He denies his guilt. At the hearing below James testified that he was present when Curtis left his parents' home to go to Detroit. James said that Curtis brought out from the house and put in the car a transistor radio, a gold ring, and two wrist watches. There was testimony to support a finding that those articles had come from Butler's place. An officer testified that other items of the stolen property were found in the home of Curtis's parents in the course of a search under the authority of a search warrant.

Curtis flatly denied the accusations made by James Louis Wilson. He said that after receiving the suspended sentence in 1966 he worked in Detroit until he was drafted for military service. After his discharge he visited his parents in January, 1969, before driving to Detroit. There he was interviewed by the F.B.I. and at

their suggestion returned to St. Francis county to try to straighten out his supposed connection with the burglary. Specifically, Curtis testified that he did not have any of the stolen property with him when he left his parents' house and that he was not implicated in the burglary of Butler's store.

Those, we think, are all the material facts. In a case of this kind the question on appeal is whether the trial judge abused his discretion in revoking the suspended sentence. Our cases were discussed at length in *Gross* v. *State,* 240 Ark. 926, 403 S. W. 2d 75 (1966), where we said that the circuit court's revocation would not be disturbed except upon a showing of a gross abuse of discretion.

We do not find that showing in the record before us. The controlling issue at the hearing below was primarily one of credibility. According to the State's witnesses, Curtis left the State a few days after the burglary with some of the stolen property in his possession. Curtis denied that accusation. The trial judge, who had the immense advantage of observing all the witnesses as they gave their testimony, concluded that the State's version of the matter was the truth. With the evidence in irreconcilable conflict we have no sound basis for saying that he was wrong.

Affirmed.