KENNETH MADDOX v. STATE OF ARKANSAS

5429                                                        446 S. W. 2d 210

Opinion delivered November 3, 1969

554

*Garner & Parker,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant brings this appeal from the imposition of a sentence which followed a delayed acceptance of his plea. On December 2, 1968, he appeared with his attorney and entered a plea of nolo contendere to a charge of possession of stolen property. The trial court followed the state's recommendation that the acceptance of appellant's plea be postponed for a period of one year, conditional upon appellant's good behavior. About two months later the appellant was charged with burglary and grand larceny. After conducting evidentiary hearings upon the state's petition to revoke appellant's probation, the court accepted the plea appellant had previously entered and sentenced him to the penitentiary for a period of twelve years with six years suspended.

On appeal the appellant contends that the trial court could not sentence him for more than one year when the court accepted his plea during this probationary period. Appellant urges that since the acceptance of his plea was postponed for a period of one year, based upon his good behavior, it follows that his sentence could not exceed one year. Appellant cites Ark. Stat. Ann. § 43-2324 (Repl. 1964) and *Canard* v. *State,* 225 Ark. 559, 283 S. W. 2d 685 (1955). Appellant relies upon that part of the above cited statute which reads:

"* * * Such postponement shall be in the form of a suspended sentence for a definite number of

years, running from the date of the plea or verdict of guilty and shall expire in like manner as if sentence had been pronounced; provided however, the Court having jurisdiction may at any time during the period of suspension revoke the same and order execution of the full sentence.''

We cannot agree with appellant. He overlooks the first part of this statute which reads:

''Whenever, in criminal trials in all courts of record, a plea of guilty shall have been accepted * * *, the Judge trying the case shall have authority, if he shall deem it best for the defendant and not harmful to society, to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restitution of the property involved, and the payment of the costs of the case.''

Thus, it is readily seen that the legislature has provided that *whenever* a plea is *accepted,* the trial court has the authority to impose a suspended sentence. We perceive no language in this statute nor in any case cited to us that limits the power and the discretion of the trial court to delay the acceptance of a plea. In the case at bar we cannot say that one year is an unreasonable length of time to defer acceptance of a plea. We cannot accept the argument of the appellant that his one-year probation before accepting his plea amounted to a sentencing of one year within the meaning of § 43-2324. Nor do we construe this procedure to be an invasion of any of his constitutional rights.

In the case at bar the postponement of acceptance of appellant's plea for a period of one year was on the recommendation of the state with the approval of the appellant and his attorney. The trial court clearly detailed the conditions and benefits of probation in writ-

ing. The appellant was advised that upon his good behavior for a year, the charge of stolen property would be dismissed pursuant to the agreement with the prosecuting attorney. The court thoroughly explained to the appellant, who is 32 years of age, the benefits of not having a record of a felony conviction. It was outlined to the appellant how a felony conviction would result in tainting his future and his citizenship rights. The conditions of his probation were in the form of a letter which appellant read and signed in the presence of his attorney acknowledging that he understood and accepted the conditions. Should we accept appellant's argument we would circumscribe and severely handicap our trial judges in their efforts to determine when their trust and compassion should be exercised for the ends of justice and the best interest of the public as well as the defendant. The future of deserving individuals, especially youthful offenders, who come before our sentencing courts should not be jeopardized by such a narrow construction as urged by the appellant. Nor do we agree with the appellant that the sentence imposed is excessive since it exceeded one year. The sentence was within the statutory limits which are from 1 to 21 years. § 41-3938 (Repl. 1964).

Appellant also contends that the judgment is contrary to the evidence and, therefore, the trial court abused its discretion in granting the petition to revoke appellant's probation. We cannot agree. Appellant's one-year probation was given to him on December 2, 1968, upon condition of good behavior. The written conditions of his probation provided in part:

"You are to understand that until you have appeared before this court and have been officially released that you are under control of this court. If you fail to appear as scheduled, or if at any time you are found to have violated any of the conditions of your probation, the court may then reopen the proceedings, find you guilty as charged,

and issue an order to have you picked up and returned for sentencing.''

At the evidentiary hearings, the state adduced proof that on the night of December 2nd a local motel was burglarized and two color television sets were stolen from it. A twenty-year-old boy testified that he perpetrated this alleged offense after it was planned the night before by the appellant and himself. The manager of a nearby nightclub or private club testified that he is an ex-convict and that appellant was a patron and member of the club. He related that on the night of the alleged burglary of the motel and theft of the color television sets, the appellant and this twenty-year-old boy approached him at the club about a loan of $50 upon a television set. He said that he loaned $35 to them and received as security a black and white television set. This set had been recently stolen. He further testified that following this transaction, the appellant approached him about purchasing a color television set for $150 and that both the appellant and the boy told him there were two color sets for sale. Another witness, who worked for the club manager, stated that appellant and this boy were present in the club that night and the young boy appraoached her about buying a color television set. The next day these color sets were discovered in the boy's car by his parents and they took him and the property to the police. The appellant denied complicity.

The appellant argues that the testimony of the individuals who implicated him is insufficient and uncorroborated and that the court grossly abused its discretionary powers in the revocation of appellant's proba tion.

In *Calloway* v. *State,* 201 Ark. 542, 145 S. W. 2d 353 (1940) we approved the rule that:

''The behavior of the defendant is a question of

> law to be passed on by the court, and the exercise
> of its discretion in this matter cannot be reviewed
> in the absence of gross abuse.''

See, also, *Gross* v. *State,* 240 Ark. 926, 403 S. W. 2d 75
(1966) and *Smith* v. *State,* 241 Ark. 958, 411 S. W. 2d
510 (1967).

In the case at bar we are of the view that the court
did not abuse its discretionary powers in the revocation
of appellant's probation.

Affirmed.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. I disagree with
the majority for two reasons: (1) The history of the
statute and the prior constructions given thereto by this
Court are contrary to the decision of the majority, and
(2) The effect of the majority decision permits a trial
court to convict and sentence a defendant without the
benefit of a jury trial for the second offense and also
leaves the defendant in the position of being subsequent-
ly prosecuted for the same offense and given another
sentence—*i. e.,* the subsequent revocation of the suspen-
sion violates both the man's constitutional right to a
jury trial and his constitutional rights against double
jeopardy.

In the case of *Spears* v. *State,* 194 Ark. 836, 109
S. W. 2d 926 (1937), Spears entered a plea of guilty to
larceny at which time the court made this order:
''Whereupon the Court doth order that the judgment
rendered herein be and the same is hereby suspended
during good behavior and payment of the Court cost
in this suit, the Court retaining jurisdiction for all pur-
poses until the next term of this Court.'' This order was
entered at the July term of 1934, and no further action

was taken against him until July 19, 1937, at which time the prosecuting attorney filed a petition praying that the suspended sentence be set aside. Upon a hearing the suspended sentence was set aside and appellant was sentenced to the penitentiary. In holding that the trial court did not lose jurisdiction by the elapsing of the term of court we said:

"Appellants first contention is based upon language used in *Hartley* v. *State,* 184 Ark. 237, 42 S. W. (2d) 7, where it was said: 'It was pleaded, and now argued, that the court lost jurisdiction to impose the sentence by the lapse of time. Not so. Neither the statute in question nor any other statute contains a time limitation. No limitation was fixed in the order. It was clearly a continuing order and remains in force and effect until changed or modified.' It is contended here that there was a limitation fixed in the order suspending the sentence, that is, until the next term of court, and that after the next term, the court lost jurisdiction to change the order.

"Section 4053 of Pope's Digest confers authority on circuit courts in criminal cases, 'if he shall deem it best for the defendant and not harmful to society, to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restitution of the property invovlved, and the payment of the costs of the case.' Section 4054 reads as follows: 'Such judge shall have power, at any time the court may be in session, to revoke the suspension and postponement mentioned in § 4053, and to pronounce sentence and enter final judgment in such cause whenever that course shall be deemed for the best interests of society and such convicted person.' Section 4055 provides for the collection of costs whether the sentence be suspended or not. It will be noticed that

by § 4054 the court has the power at any time that it is in session to revoke the suspension of sentence, and to pronounce sentence and enter final judgment, 'whenever that course shall be deemed for the best interests of society and such convicted person.' So the court had power to revoke the suspended sentence at any time the court was in session. The fact that the court made an order, retaining jurisdiction for all purposes until the next term of court could not have the effect of abrogating the statute and thereafter depriving the court of the jurisdiction conferred upon it by the statute. That language in the order must be treated as surplusage. . . ."

Following the *Spears* case the Legislature by Act 262 of 1945, repealed Section 4054 of Pope's Digest and amended Section 4053. Act 262 is as follows:

"SECTION 1. That Section 4053 of Pope's Digest be amended to read as follows: Whenever, in criminal trials in circuit court, a plea of guilty shall have been accepted or a verdict of guilty shall have been rendered, the judge trying the case shall have authority, if he shall deem it best for the defendant and not harmful to society, to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restitution of the property involved, and the payment of the costs of the case. Such postponement shall be in the form of a suspended sentence for a definite number of years, running from the date of the plea or verdict of guilty and shall expire in like manner as if sentence had been pronounced; provided however, the Court having jurisdiction may at anytime during the period of suspension revoke the same and order execution of the full sentence.

"SECTION 2. Section 4054 of Pope's Digest is hereby repealed."

By Acts 1949 No. 358, the Legislature provided that all postponements of final sentences under Section 503 of Pope's Digest heretofore made and entered by the various judges of the Circuit Courts of this State shall run from the date of the plea or verdict of guilty and for the period of the statutes of limitation for each offense, and at the expiration of said period of limitation shall expire in like manner as if the sentence had been pronounced. Act 44 of the Acts of 1953, merely reenacted Section 1 of Act 262 of 1945, thus repealing the 49 Act. In *Gerard* v. *State*, 235 Ark. 1015, 363 S. W. 2d 916 (1963), the purpose of Act 44 of 1953 was stated by this Court in this language:

". . . It is obvious that the primary purpose of the General Assembly, in passing Act 44, was to set a definite period of time in which a suspended sentence would operate; in other words, the Legislature had the intent to end the practice of a trial court postponing a sentence indefinitely. Here, the sentence was suspended for a definite period of time—one year, and the suspension was revoked within that time. It follows that this contention is without merit."

For these reasons I would reverse and remand the case to the trial court with directions that the punishment could not extend for more than the one year set forth in the trial court's postponement. The language added by the 1935 Act specifically provides that, "SUCH POSTPONEMENT SHALL BE IN THE FORM OF A SUSPENDED SENTENCE FOR A DEFINITE NUMBER OF YEARS." Anything else ignores the plain meaning of the 1945 amendment.

Since the trial court upon the plea of guilty suspended or postponed the acceptance of the plea for a period of one year it is rather obvious that had he given

the defendant a sentence at that time it would not have been for more than one year. Under the procedure here adopted by the trial court appellant was not entitled to a jury trial. However, the trial court after hearing testimony relative to the theft of the television sets sentenced the defendant to a period of 12 years with 6 years suspended. It must be remembered that the sentence is upon the plea of guilty to the original charge of possessing stolen property and technically does not amount to a finding of guilty of the theft of the television sets. Consequently, the defendant is sentenced to 11 years for stealing the television sets and yet remains subject to being charged with larceny for the theft. It is obvious to me that the procedure involved here violates both of his constitutional rights to a jury trial and against double jeopardy.

By some imagination beyond my comprehension the majority takes the view that Ark. Stat. Ann. § 43-2324 (Supp. 1967), is not controlling on the theory that the plea of guilty was never accepted by the trial court. For the record, I quote from the letter, the terms and conditions of which the trial court demanded that the defendant accept in writing. The letter provides:

"To Kenneth Maddux, . . .

"On this date, Dec. 2, 1968, you have entered a plea of guilty to a felony. The court has not accepted your plea and instead has placed you on probation with all further proceedings postponed for a period of one year, conditioned upon your good behavior. . .

"You are to understand that until you have appeared before this court and have been officially released that you are under control of this court. If you fail to appear as scheduled, or if at any time you are found to have violated any of the conditions of your probation, the court may then reopen the proceedings, find you guilty as charged, and issue an order to have you picked up and returned for sentencing.

"You are being placed on probation because the court and others who are interested in you feel you realize you have made a grave mistake, that being arrested and brought before the court has made a lasting impression upon you, and that you can make good without being sent to the penitentiary as punishment. . . .

"You should deeply appreciate all that is being placed in you.

/s/ Paul Wolfe
CIRCUIT COURT

"I have read this in the presence of my lawyer, I understand it, and accept all conditions of the court.

"/s/ Kenneth Maddux
Defendant

Witness:
/s/ Douglas W. Parker
His Attorney"

In my humble opinion the letter of the trial court amounts to an acceptance of the plea within the meaning of Ark. Stat. Ann. § 43-2324 (Supp. 1967) for two reasons:

(1)   Ark. Stat. § 43-1222 provides: 'At any time before judgment, the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted.' We have consistently held that the right to withdraw a plea is within the sound discretion of the trial court, *Morris* v. *State,* 226 Ark. 472, 290 S. W. 2d 624 (1956), under substantially similar circumstances, see *Joiner* v. *State,* 94 Ark. 108 (1910); and

(2)   The letter, which the trial court demanded

that defendant and his attorney accept in writing, specifically authorized the trial court in his sole discretion to accept the plea of guilty at any time and ex parte.

Furthermore, the plea of guilty has the force and effect of a verdict of guilty by a jury, *Rader* v. *U. S.,* 288 F. 2d 452 (1961), and Ark. Stat. Ann. § 43-2324, certainly applies when a verdict of guilty has been rendered. The only logic or authority I can find that supports the proposition that Ark. Stat. Ann. § 43-2324, does not apply to the defendant here is simply their statement that it does not do so.

Do we not legislate as much when we write something out of a statute as we do when we write it in? The State's policy was set by Ark. Stat. Ann. § 43-2324, requiring that "such postponement shall be in the form of a suspended sentence for a definite number of years. . . ." It looks to me that we should at some point do more than pay lip service to the maxim, "that we are a nation of laws and not of men."

For these reasons, I would reverse and remand with directions to reduce the sentence to one year.