ANDREW BYNUM JONES *v.* STATE OF ARKANSAS

5708                                    479 S.W. 2d 548

Opinion delivered May 1, 1972

*David C. Shelton,* for appellant.

*Ray Thornton,* Atty. Gen., by *James A. Neal,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. This appeal results from a revocation of a suspended sentence, which appellant received upon a plea of guilty to a charge of criminal non-support. Probation was conditioned upon appellant's good behavior, payment of court costs, immediate payment of $742.50 into the court registry for the maintenance and support of his minor child and $22.50 per week for her continued maintenance. Thereafter the appellee petitioned for revocation of the suspended sentence, asserting that the appellant had failed to comply with the court's order with respect to making the weekly support payments. For reversal of the judgment revoking the suspended sentence, the appellant, by his court appointed counsel, asserts that the court abused "its discretion in revoking appellant's suspended sentence in that there was not sufficient evidence upon which to base the revocation of the suspended sentence."

The local Circuit Clerk and Recorder, who kept the official records of support payments paid into the registry of the court, testified that during the approximate 80 weeks interval between the date of the suspended sentence and the petition for revocation the appellant had only paid 6 weekly payments and each of these was delinquent. The appellant, who was present in court, did not testify.

The law is firmly established that the trial court is accorded broad discretion in the revocation of a suspended sentence, and we uphold the exercise of this discretionary authority in the absence of gross abuse. *Mad-*

*dox* v. *State, Ark.* 247 553, 446 S.W. 2d 210 (1969); *Smith* v. *State,* 241 Ark. 958, 411 S.W. 2d 510 (1967).

In the case at bar, the court did not abuse its discretionary power inasmuch as there was sufficient evidence to support the revocation of the suspended sentence

Affirmed.

FOGLEMAN, J., not participating.