The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, AR 72543-0584
Dear Representative Thurman:
This is in response to your request for an opinion on the following questions:
 (1) Does Act 378 of 1975 give the State Board of Parole the right to discharge or expunge a sentence handed down by a Circuit Judge when money is still owed by the inmate on costs, fines, and restitution?
 (2) If the answer is yes, then what recourse is left to the Counties and victims to collect the costs, fines, and restitution?
It is my opinion that Act 378 of 1975, codified at A.C.A. §§16-93-501 to -510 (1987 and Supp. 1991) and known as the Alternative Service Act, does not give the State Board of Parole and Community Rehabilitation the authority to discharge or expunge a sentence imposed by a circuit court when costs, fines, or restitution are still owed under that sentence.
Section 16-93-510(a) of the Alternative Service Act provides for the expungement of a conviction from an eligible offender's record "upon the completion of sentence or probation imposed under this subchapter." It is my opinion that any fines, costs, or restitution imposed upon an offender for a particular offense are part of the judgment and sentence imposed by the court for that offense. See generally A.C.A. § 5-4-104 (1987), A.C.A. §§ 5-4-201 to -204 (1987), and A.C.A. § 16-90-303 (1987). Thus, it is also my opinion that if any of these items remain unpaid, the offender's sentence has not been completed and the Board of Parole and Community Rehabilitation has no authority to order the offender's record expunged of the offense. Such action by the Board would constitute impermissible modification of the sentence imposed by the court. Once a valid sentence has been put into execution, the power to modify it passes from the trial court to the executive branch of government. Redding v. State,293 Ark. 411, 738 S.W.2d 410 (1987). Only the Governor has power, through clemency, to exercise discretion with regard to the enforcement of the punishment provided by law and pronounced by the court.See Davis v. State, 169 Ark. 932, 277 S.W. 5 (1925).
The answer to your first question renders your second question moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
WB/CCT:ch