GEORGE THOMAS BURT *v.* STATE

5225                                          410 S. W. 2d 387

Opinion delivered January 16, 1967

No brief for appellant.

*Bruce Bennett,* Attorney General; *Fletcher Jackson,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. This appeal is brought by George Thomas Burt from an order revoking his suspended sentence on a conviction of burglary and grand larceny. Appellant has not filed a brief. Appellee has supplied the court with an abstract and a brief.

In his motion for new trial the appellant, in addition to objecting to the sufficiency of the evidence, alleges that the trial court should never have required him to leave the state of Arkansas; that the revocation was based on incompetent evidence, a letter from the Chicago Parole Office; and that the trial court erred in ordering a hearing when appellant had not violated the conditions of the suspended sentence save and except returning to the jurisdiction of the court.

The record shows that appellant received a five-year sentence on March 19, 1964, four years of which was suspended by the court upon the following conditions:

"Four (4) of the five years are suspended provided the defendant conducts himself properly. That is the condition upon which the 4 years are suspended; that is the defendant, George Thomas Burt, must maintain a reputation of good behaviour for the five years."

On August 18, 1965, the appellant was brought before the court and a hearing was held to revoke his sentence. The docket notation at that time was as follows:

"Court finds that the first year of dfts sentence expired 3-19-65; that defendant's conduct and regularity of work have not been satisfactory. Dft has opportunity of regular employment in Chicago. Need for change of environment recognized. If within 10 days dft. removes to Chicago and enters regular employment, dft will be placed under supervision Ill. parole authorities; otherwise he will be returned to this court for further action."

The hearing which resulted in the order from which this appeal was taken was held on March 25, 1966. It was there shown that appellant did go to Chicago following the August, 1965 hearing, that he did not secure regular employment, and that he shortly returned to his mother's home in Magnolia. While in Chicago, appellant did not report to the parole authorities and depended on his mother to report his return to Arkansas. The testimony shows that appellant learned that a warrant was out for his arrest; that he observed the officers at his mother's house looking for him, but did not come forward; that on another occasion he was seen at the

hospital by a state trooper who was a patient, but that he eluded the officers who came looking for him; and that, when he was arrested, he had dyed his hair. After appellant's arrest, he discussed with the state trooper the meeting in the hospital and informed him that he would have resisted arrest by the trooper. Appellant also asked the trooper to tell a Magnolia policeman that appellant was going to give the policeman a whipping when he got out of jail.

There was other testimony that appellant frequented an all-night cafe in Magnolia as late as three or four o'clock in the morning.

The trial court, in revoking appellant's suspended sentence, found that he had a sullen disposition with actions of assault toward an officer and that he evaded the execution of the warrant for his arrest.

Under the record here made, we hold that the trial court did not abuse its discretion in revoking the suspended sentence. We have many times held that sufficiency of the evidence to sustain an order of revocation of a suspended sentence is a matter addressing itself to the trial court. *Calloway* v. *State,* 201 Ark. 542, 145 S. W. 2d 353 (1940).

The allegation that appellant was required to leave the state of Arkansas in August of 1965 is not supported by the record. On the contrary, the record shows that the trial court was not satisfied with appellant's conduct. The court was apparently trying to help appellant by placing him under the supervision of parole authorities of Illinois, in accordance with the Interstate Probation and Parole Compact, since it found that a change of environment was needed to rehabilitate appellant.

Appellant's contention that the order of the trial court was based upon incompetent evidence is not sustained by the record. The record shows the trial court

held that the letter from the Chicago Parole Office, to which appellant objected, could not be used toward proof of the charge against appellant.

The last contention, that the court erred in ordering a revocation hearing before there had been a violation by appellant of his suspended sentence, is evidently aimed at the portion of the court's finding that appellant evaded the execution of the warrant for his arrest. Any right which appellant may have had to complain about this issue certainly passed out of the picture as a result of his conduct in evading the officers and his indicated attitude of assault upon the city officer. Therefore we hold it to be without merit.

For the reasons stated, the judgment is affirmed.

BROWN, J., disqualified and not participating.