ROBERT BARNES *v.* STATE OF ARKANSAS

5812                                494 S.W. 2d 711

Opinion delivered May 7, 1973
[Rehearing denied June 18, 1973.]

*Harold L. Hall,* Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Ralph C. Hamner, Jr.,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Robert Barnes, the appellant herein, contends that the circuit court grossly abused its discretion by revoking the suspension of a sentence of 15 years' imprisonment imposed upon him on March 21, 1972, after his plea of guilty to a charge of assault with intent to rape. We affirm because we do not find such an abuse of discretion.

There was evidence on behalf of the state that when the circuit judge advised Barnes that his sentence would be suspended and that he would be placed on probation

for three years, Barnes was told that his probation would be based on his good conduct. Thereafter, the court's probation officer, Harold Allison, read conditions of the probation and suspension to Barnes from a document entitled "Statement of the Court Respecting a Suspended Sentence" addressed to Barnes. These conditions required that appellant not violate any law, not associate with persons who have criminal records, report to the probation officer once a month, work regularly at a lawful occupation, seek psychiatric care and make the results of his psychiatric treatment known to the court. The probation officer also imposed a condition that appellant not carry any firearm. Allison testified that Barnes signed a statement accepting the conditions of the probation, and indicated to the probation officer that he understood its terms.

On April 26, 1972, appellant was charged by information with kidnapping in the second degree and rape in the first degree, both alleged to have been committed on the 19th and 20th days of April, 1972. On the preceding date, the state had filed a petition for revocation of probation. A verdict of acquittal was directed on the kidnapping charge over the state's objection when the charges were brought to trial on May 24 and 25, but a mistrial resulted on the rape charge when the jury reported that it was deadlocked on a nine to three vote with no chance of reaching a verdict. Hearing on the petition for revocation was then held on May 31, resulting in the order and judgment from which this appeal is taken.

Appellant concedes that the action of the trial court in revoking the suspension of a sentence will not be reversed on appeal unless there has been a gross abuse of the trial court's discretion. *Bodner* v. *State,* 221 Ark. 545, 254 S.W. 2d 463; *Calloway* v. *State,* 201 Ark. 542, 145 S.W. 2d 353.

The petition for revocation charged that appellant had raped Carla McMullen, the alleged victim in the charge of rape on which there was a mistrial. It also alleged that Barnes had impersonated a police officer. The probation officer testified that even though he had gotten Barnes an appointment with the state psychiatrist,

he had received no reports concerning any visit to any psychiatrist by Barnes. From the record of appellant's trial on the charges of kidnapping and rape,[1] we find that the Sheriff of Pulaski County testified that appellant had been issued an "active deputy sheriff's card" when he served as a North Little Rock policeman, but that in April 1971 Barnes had no authority to carry the card because he was no longer a member of the Pulaski County Sheriff's Department. This card was in appellant's possession when he was arrested on the rape charge.

The alleged victim of the kidnapping and rape testified, on the trial of those charges, that during a late evening automobile drive she went to her home in an apartment building in Little Rock after she noticed a car pursuing her, and that, when she pulled in her driveway, this vehicle was driven in behind her. According to her testimony, she acted as if she were leaving, and as she started to drive out of the driveway, appellant walked up to her car, identified himself as a county sheriff, ordered her to roll down her window, asked to see her driver's license, told her she was speeding, asked her what she'd had to drink, inquired whether she would be willing to go to the station and take a test, told her a $1,000 bond would be required for striking an officer's car, said that there would be a fine for carrying a fake driver's license, and remarked that the matter would involve a lot of money.

The testimony as to appellant's representing himself as an officer was corroborated by Opal Rudd, the occupant of a neighboring residence, who said that she raised her window when she was disturbed by noises and saw two cars in the driveway, and upon asking the parties to be quiet, appellant came to her window and said that he was a member of the North Little Rock police department and that the lady had too much to drink. Miss Rudd said that when she complained about the disturbance appellant assured her that the matter would be taken care of.

---

[1] The record of the trial on the kidnapping and rape charges was introduced at the hearing of the petition for revocation by stipulation. The judge who suspended the sentence also presided over the kidnapping and rape trial and heard the petition for revocation.

Carla McMullen also testified that when she told appellant she was frightened and was crying because her boyfriend had broken off their "dating," appellant professed understanding and suggested that she'd feel better if she had a drink. She then related that he had taken her to the American Legion Club, but when she was ready to go home, appellant took her via the freeway across the Arkansas River to a dirt road instead, where he and a companion undressed her and raped her. She stated that while they were at the club, appellant mentioned that he had a gun. She saw what she called a "sheriff's sticker," which turned out to be an Arkansas Municipal Peace Officers Association sticker, on the windshield of the car driven by appellant.

There was evidence indicating that appellant's companion had been convicted in California of a felony, which had been reduced to a misdemeanor upon termination of a period of probation.

Appellant concedes that if the court had held a hearing on the petition for revocation before the mistrial, there would have been no abuse of discretion, but that the court grossly abused its discretion in view of the testimony of a juror in the case that the jury stood hopelessly deadlocked at nine for acquittal and three for conviction, and the failure of the state to show that appellant had placed any restraint on Miss McMullen or caused her to submit to his custody.

We do not agree that the jury's inability to reach a verdict carries the implications appellant seems to find. If his arguments in this respect are accepted, then a retrial of a charge after such a result would seem to be barred, which, of course, is not the case. We have heretofore held that conviction of a subsequent offense is not a prerequisite to revocation of such a suspension. *Gross v. State*, 240 Ark. 926, 403 S.W. 2d 75. Furthermore, we do not find support for appellant's position on the question of his impersonation of an officer. He contends that before the court could take this evidence into consideration, there must have been an actual undertaking by Barnes to arrest Miss McMullen, and that his merely an-

nouncing his intention to do so in order to accomplish a wrongful purpose did not constitute the offense denounced by Ark. Stat. Ann. § 42-110 (Repl. 1964), relying upon *Martin* v. *State,* 114 Ark. 230, 169 S.W. 776. In the *Martin* case, however, there was no evidence that the accused had claimed to be an officer, or ever placed the person of Martin in restraint or that Martin ever submitted himself to the custody of the accused, and Martin testified that he did not think the accused meant to arrest him. The court there held that, in order to constitute the offense, the accused must exercise some of the powers, duties, functions or privileges incident to the office that he asserts that he holds at the time. We think that the evidence shows that Barnes did attempt to exercise functions of a police officer in preventing the movement of Miss McMullen's vehicle and demanding that he be shown her driver's license, if not otherwise.

Be that as it may, the sufficiency of the evidence to support the revocation of a suspended sentence lies within the sound judicial discretion of the trial court. *Smith* v. *State,* 241 Ark. 958, 411 S.W. 2d 510. We have indicated that there is not a gross abuse of that discretion unless there is no basis in fact for the court's action. *Spears* v. *State,* 194 Ark. 836, 109 S.W. 2d 926. When we view all the evidence hereinabove recited, keeping in mind that the same judge who revoked this suspension saw and heard the witnesses at the trial, we cannot find that there was a gross abuse of the trial court's discretion, so we affirm the judgment.