## Harold E. FORTNER *v.* STATE of Arkansas

CR 73-92                                                498 S.W. 2d 671

### Opinion delivered September 10, 1973

*James H. Pilkinton,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

Lyle Brown, Justice. This appeal of Harold E. Fortner is from the revocation of a suspended sentence. The two points for reversal are (1) that the court erred in permitting an officer to testify as to statements made to the officer by appellant, and (2) that the court abused its discretion.

The charge for which a suspended sentence was imposed was for forgery and uttering. Several months thereafter appellant was charged with burglarizing Phillips Used Cars and taking, among other things, a pistol. On the day set for trial the latter charge was dismissed and a petition to revoke the suspended sentence was filed. An immediate hearing was held on the petition and revocation was ordered.

We summarize the evidence in the light most favorable to the State. On March 16, 1973, appellant went home around 10:00 p.m. He said he had been to Texarkana with two companions and drank some beer; that on his way home he had car trouble with a car he had bought in Texarkana for $50.00; that he hitch-hiked to Hope and the driver sold appellant a pistol for $10.00; and that he bought a hamburger and went home to eat it. The Fortner family occupied a room at Mrs. Fortner's grandmother's house. The grandmother testified that she heard a commotion in the Fortners' room and that shortly Mrs. Fortner came out saying appellant had a gun and threatened her. Mrs. Fortner testified that appellant did not pull a gun "but he said he had one and patted his pocket". She said appellant threatened to shoot her "if I kept smarting off". Appellant called her, so she said, a whore, and cursed her. She said she could smell alcohol on appellant and she thought his antagonism on the occasion was caused by appellant's drinking.

A pistol was found in a trash barrel used by the grandmother, and Harry Phillips identified it as having been stolen from his office on the same night. A car which was taken from the Phillips lot was found abandoned about two blocks from where appellant resided.

The evidence we have summarized came from an officer who interviewed appellant at the jail, the grandmother, and appellant's wife. Appellant elected not to testify.

In a conclusionary statement made from the bench, the court remarked that the suspended sentence had been granted conditioned on appellant's good behaviour. He commented on the facts that appellant had consumed beer, had threatened his wife, and was carrying a gun. The court concluded that the recited matters could not be overlooked and based his revocation upon those actions of appellant. We conclude that the trial court did not abuse its discretion. We have a host of precedents for the proposition that the question of revocation addresses itself to the discretion of the trial court. To cite only a few, *Burt* v. *State*, 241 Ark. 798, 410 S.W. 2d 387 (1967); *Kinard* v. *City of Conway*, 241 Ark. 255, 407 S.W. 2d 382 (1966); *Smith* v. *State*, 241 Ark. 958, 411 S.W. 2d 510

(1967). There must be a gross abuse of discretion before we will overturn a trial court's revocation. *Barnes* v. *State,* 254 Ark. 404, 494 S.W. 2d 711 (1973).

Appellant argues that it was error to permit Officer Ward to testify about a conversation the officer had with appellant while he was in jail awaiting trial. The simple answer is that appellant was first advised of his constitutional rights. It is true Officer Ward was investigating the Harry Phillips burglary and did not advise appellant that his statements could be used against him in a revocation hearing. But that advice was not necessary so long as Officer Ward advised appellant—which Ward said he did—that his statements could be used against him in a court of law.

Appellant points out that the burglary charge was dismissed and that the evidence does not show he had stolen property in his possession. The proof required for a conviction and for a revocation is different. As stated in *Smith,* supra, the degree of evidence required as a basis of revocation does not have to show proof of guilt beyond a reasonable doubt.

Finally, appellant says the consumption of beer occurred in his home and should therefore not be held against him. That is not the proof. He related to Officer Ward that he drank the beer in Texarkana.

Affirmed.