Susan PALMER *v.* STATE of Arkansas

CA CR 89-110                                788 S.W.2d 248

Court of Appeals of Arkansas
En Banc
Opinion delivered May 2, 1990

*John Joplin*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. On July 13, 1988, the appellant pleaded nolo contendere to a charge of theft of property, and under the authority of Ark. Code Ann. § 5-4-104(e)(1) (1987), imposition of sentence was withheld for a period of four years on certain conditions. On January 6, 1989, a petition to revoke was filed which charged appellant with violating the conditions of her suspended imposition of sentence by contributing to the delinquency of a minor. After a hearing the court entered an order containing the following provisions:

> [T]he suspended sentence imposed upon the Defendant on July 13, 1988, shall remain in effect as originally stated with the following additional conditions:

> That the Defendant is to serve 90 days in the Sebastian County Adult Detention Center.

> That the Defendant is to pay the previously ordered fine and court cost at the rate of $100 per month beginning 60 days after release from jail . . . .

At the hearing, the state presented evidence to show that appellant, who was 25 years old, was intimate with Quincy Newton, a 14-year-old boy. Quincy's mother testified she had filed charges against appellant when she heard that Quincy and appellant were having an affair. Quincy's parents are separated. His mother said that on one occasion, when she had to work at night, she told Quincy to stay with his father. Quincy packed his clothes in a paper sack and left home, but his mother found out he had not gone to his father's house. When Quincy returned sometime later, without the clothes he packed, he told his mother that they were in the appellant's truck. Quincy's mother went

with him to the appellant's truck, which was parked near appellant's apartment, and got the clothes. Quincy's mother also testified that she had heard an audio tape made by one of Quincy's friends, in which Quincy and appellant were discussing going to a motel. A handwritten love letter, signed "Love U Susan," which the mother found in Quincy's pocket as she was preparing to wash, was introduced into evidence. And there was evidence that although his mother did not give Quincy permission to go with appellant, Quincy had said he was going with appellant without his mother's permission.

Quincy's father testified that he had custody of Quincy "off and on" during the school year, and there were occasions when he had gone to pick up Quincy after school and had been told that Quincy had left with appellant. He said he waited there for a while and then left. He admitted, however, that he arrived after school was dismissed for the day and he did not know whether Quincy had missed any classes.

Sergeant Robert Hicks testified that when Mrs. Jones filed the charges against appellant Hicks interviewed appellant and she admitted having had sexual relations with Quincy four or five times. Hicks further testified that Quincy had told him that he had a sexual relationship with appellant; however, Quincy testified that he and appellant were just good friends.

Appellant argues that this evidence is insufficient to show that she contributed to the delinquency of a minor. We do not agree. Ark. Code Ann. § 5-27-205 (1987) provides:

(a) A person commits the offense of contributing to the delinquency of a minor if, being an adult, he knowingly aids, causes, or encourages a minor to:

(1) Do any act prohibited by law; or

(2) Do any act that if done by an adult would render the adult subject to prosecution for an offense punishable by imprisonment; or

(3) Habitually absent himself, without good or sufficient cause, from his home without the consent of his parent, stepparent, foster parent, guardian, or other lawful custodian; or

(4) Habitually absent himself from school when required by law to attend school; or

(5) Habitually disobey the reasonable and lawful commands of his parent, stepparent, foster parent, guardian, or other lawful custodian.

There is evidence that appellant violated subsections (a)(3) and (5) of the above section by knowingly aiding, causing, or encouraging a 14-year-old minor to habitually absent himself, without sufficient cause, from his home without the consent of his mother and to habitually disobey his parent's reasonable and lawful commands. One of the conditions of appellant's suspended sentence was that she not violate any federal, state, or municipal law. Ark. Code Ann. § 5-4-309 (1987) provides that if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with the conditions of his suspension or probation, it may revoke the suspension or probation. In testing the sufficiency of the evidence we must view it in the light most favorable to the state. *Reese* v. *State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988). We find there was sufficient evidence to revoke appellant's suspended imposition of sentence.

The sufficiency of the evidence is the only issue raised by the appellant in this case. However, in view of *Howard* v. *State*, 289 Ark. 587, 715 S.W.2d 440 (1986), and its holding that an illegal sentence is a matter of subject matter jurisdiction, we consider whether the trial court's modification of its previous order was legal.

On July 13, 1988, on appellant's plea of nolo contendere, the trial court had withheld imposition of sentence for four years on certain conditions. When one of the conditions was violated, the court was authorized under Ark. Code Ann. § 5-4-309(f) (1987), to enter a judgment of conviction and impose any sentence that might have been imposed originally, subject to the limits set out in section 5-4-309(f). Rather than impose such sentence, the trial court chose to follow the provisions of Ark. Code Ann. § 5-4-306(b) (1987) which states:

During the period of suspension or probation, the court, on motion of a probation officer or the defendant, or on its own motion, may modify the conditions imposed on

the defendant or impose additional conditions authorized by § 5-4-303.

As suggested by the original commentary to this section (*see* 1989 edition of the Criminal Code which contains the commentaries), since the court retains jurisdiction of the case when it suspends imposition of sentence, it also has the power to modify conditions of a suspension. Thus, the court was authorized to modify the conditions which were imposed when the imposition of sentence in this case was suspended, or to impose additional conditions, as long as the conditions were changed as authorized by Ark. Code Ann. § 5-4-303 (1987). Subsection (c)(10) of section 5-4-303 provides the court may require that a defendant: "Satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience."

■■ The trial court obviously wanted to give the appellant another chance at rehabilitation before imposing a sentence on the charge of theft of property. In *Fortner* v. *State*, 255 Ark. 38, 498 S.W.2d 671 (1973), the court said: "We have a host of precedents for the proposition that the question of revocation addresses itself to the discretion of the trial court." 255 Ark. at 39. We find no abuse of discretion in the trial court's modification of the conditions previously imposed on the appellant in the instant case. The requirement that appellant serve 90 days in the Sebastian County Detention Center does not exceed the period authorized as a condition of suspension or probation in Ark. Code Ann. § 5-4-304 (1987) and appellant has not previously been ordered to serve any time under this section as a condition of her suspended imposition of sentence on her plea to the theft of property charge.

Affirmed.

CRACRAFT and COOPER, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. The appellant in this criminal case was ordered to serve 90 days in jail as an additional condition of a suspended sentence imposed six months beforehand. Although I do not disagree with the majority's conclusion that the evidence is sufficient to support some action by the trial court, I dissent because the imposition of a jail sentence as a

subsequent additional condition of a previously-imposed suspended sentence is an unauthorized disposition.

Although the question of whether a circuit court acted in excess of its authority is not a matter of subject-matter jurisdiction *per se*, the Arkansas Supreme Court has treated it as such. *See, e.g., Howard* v. *State*, 289 Ark. 587, 715 S.W.2d 440 (1986); *Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985). Therefore, it is proper, as the majority notes, to raise on our own the question of an illegal sentence despite the absence of an objection below. *Jones* v. *State*, 27 Ark. App. 24, 765 S.W.2d 15 (1989).

Arkansas Code Annotated § 5-4-306(b) (1987) defines the manner in which a court may alter the conditions of suspension or probation after the period of suspension or probation has begun. It provides that:

> During the period of suspension or probation, the court, on motion of a probation officer or the defendant, or on its own motion, may modify the conditions imposed on the defendant or impose additional conditions authorized by § 5-4-303.

The statutory language is explicit. Once the period of suspension or probation has begun, the court may either (1) modify the conditions previously imposed, or (2) impose additional conditions. Under the statutory scheme, confinement is by definition an additional condition:

> (a) If the court suspends the imposition of sentence on a defendant or places him on probation, it may require, *as an additional condition* of its order, that the defendant serve a period of confinement. . . .

Ark. Code Ann. § 5-4-304(a) (1987). However, while confinement is plainly an additional condition according to the unambiguous language of the statute, it is not an additional condition authorized by § 5-4-303.

To me, the conclusion is inescapable: the statutory scheme does not permit a court to alter previously-imposed conditions by ordering confinement after the period of suspension or probation has begun. The wisdom of this restriction is questionable, and I

readily concede that the result reached by the majority provides a flexibility which may be beneficial to the courts and defendants alike. Nevertheless, our role is not to legislate, but instead to apply the statutes which the legislature has seen fit to enact according to their plain and unambiguous meaning.

I believe that the majority has departed from that role by construing the statutes involved in such a way as to affirm the trial court's action. This was wrong for several reasons. First, the statutes are unambiguous and require no construction or interpretation. Second, even if statutory construction had been required, we lack jurisdiction to perform that function under Rule 29 of the Rules of the Supreme Court and the Court of Appeals. Finally, even if these statutes actually required construction and we were authorized to do so, the construction adopted by the majority would be erroneous.

The legislative intent to draw a distinction between the prosaic, general conditions enumerated in § 5-4-303 and the incomparably more severe condition of incarceration is crystal clear. Nor can it be argued that confinement is an additional condition authorized by § 5-4-303. Apparently recognizing this, the majority characterizes the 90-day jail sentence in this case as a "modification" under § 5-4-303(c)(10), which permits the trial court to require the defendant to "[s]atisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty. . . ."

Leaving aside the question of whether or not a 90-day jail sentence is a condition not unduly restrictive of the appellant's liberty, to treat confinement as a permissible modification under the general language of § 5-4-303, is to render § 5-4-304 utterly meaningless. It is an elementary rule of statutory construction that a statute should be construed so that every word is given effect, if possible, and any construction which would render one or more clauses meaningless is to be avoided. *Second Injury Fund* v. *Yarbrough*, 19 Ark. App. 354, 721 S.W.2d 686 (1986).

The majority notes that the trial court sought to give the appellant another chance at rehabilitation, and I agree that revocation questions are discretionary with the trial court. However, the trial court's right to exercise discretion is limited by legislatively authorized dispositions, and as noted earlier, I

believe the legislative intent is clear.

Finally, even though the trial court *might* have found a basis to revoke the appellant's suspended imposition of sentence, it *did not*, so therefore I would reverse and remand this case to allow the trial judge to impose such additional conditions as are authorized under Ark. Code Ann. § 5-4-303.

I respectfully dissent.

CRACRAFT, J., joins in this dissent.