Billy DAVIS *v.* STATE of Arkansas

CR 91-213                                    825 S.W.2d 584

Supreme Court of Arkansas
Opinion delivered March 2, 1992

*Val P. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is a consolidated appeal of a rape conviction and a probation revocation. The appellant, Billy Davis, was convicted of raping a ten year old female victim and sentenced to thirty-five years imprisonment. Prior to the conviction, the Trial Court revoked Davis's probation from an earlier theft conviction and sentenced him to four years imprisonment. The basis of the revocation was the incident which resulted in the rape charge.

Davis argues the Trial Court erred by (1) refusing to direct a verdict on the rape charge because the State did not introduce sufficient evidence of penetration, as required by Ark. Code Ann. § 5-14-103(1)(B) (1987), (2) not granting his appointed counsel's motion to withdraw, (3) failing to hold the revocation hearing and the trial on the same charges simultaneously, (4) refusing to hold the hearing on the motion to suppress his confession before the revocation hearing, (5) not suppressing the confession he contended to have been given involuntarily, (6) failing to direct a verdict on the petition to revoke, given the State's failure to introduce sufficient evidence of penetration and the impropriety of revoking probation on the lesser included offense of sexual abuse in the first degree, and (7) allowing the State to proceed to trial on the rape charge after finding no penetration during the revocation hearing in violation of the law of the case doctrine.

We affirm the conviction and the probation revocation. The testimony of the victim during trial which established penetration was sufficient evidence to convict. We find no abuse of discretion in the Trial Court's determination that Davis was indigent and his denial of appointed counsel's motion to withdraw. Furthermore, we have consistently upheld a trial court's decision to revoke probation on the basis of a subsequent crime prior to conviction for that crime. Davis has not demonstrated prejudice resulting from the decision to hold the *Denno* hearing and the revocation hearing at the same time. Although the State did not introduce sufficient evidence of penetration at the revocation hearing, we find no error in the decision to revoke probation on a lesser

included offense. The Trial Court did not err by allowing the State to go to trial on the rape charge after finding no penetration during the revocation hearing. The law of the case doctrine is inapplicable in these circumstances.

Davis pleaded guilty to theft of property on October 2, 1989, and was placed on three years supervised probation. A condition of Davis' probation was that he would not commit a felony punishable by imprisonment. On December 18, 1990, the State petitioned to revoke probation because Davis allegedly committed rape, a Class Y felony.

The petition was based on Ark. Code Ann. § 5-14-103(a)(3) (1987) which defines rape as engaging in deviate sexual activity with a person less than fourteen years of age. Deviate sexual activity is defined as the penetration, however slight, of the vagina or anus of one person by any body member of another person. Ark. Code Ann. § 5-14-101(B) (1987). According to the petition, Davis "engaged in an act of sexual gratification involving the penetration of the vagina of a ten year old female child by the fingers of the defendant," and thereby violated the terms of his probation.

On December 21, 1990, Davis was charged with rape in Lawrence County Circuit Court based on the same facts as those stated in the revocation petition. Val Price was appointed to represent Davis. Price filed a motion to withdraw because he believed Davis was not indigent. Davis posted bond and obtained employment after release. Officers had obtained a signed statement from Davis the morning of December 15th in which he admitted improperly touching the victim. Prior to giving the statement, Davis signed a waiver of rights form.

The Trial Court heard evidence relating to the petition to revoke and the motion to withdraw on March 13th, 1990. Although no formal motion to suppress had been filed, the Trial Court concurrently held a *Denno* hearing on the voluntariness of the confession. The Trial Court denied Davis's request that the revocation hearing be held concurrently with the jury trial on the same charge. Davis believed the State intended to rely on his allegedly involuntary confession during the revocation hearing, thus he requested that the *Denno* hearing be held before the revocation hearing. The Trial Court denied the motion, stating he

would determine the voluntariness of the statement as the revocation hearing progressed, and if the statement were found to be involuntary, it would be suppressed.

Evidence relating to Price's motion to withdraw was presented first. The Trial Court determined Davis indigent and denied Price's motion to withdraw.

Lester Boggs testified the victim and Davis were staying in his house on December 15th. Boggs said he went to the bathroom about 5:00 a.m. and saw the victim jump out of the bed where Davis and his wife were lying. Boggs then told the victim's mother what he had observed. The victim testified that Davis and his wife had awakened her and told her to come with them to the front room where they were sleeping. She testified to indecent sexual contact between herself and Davis, but she said penetration did not occur.

Officer J. D. Johnson stated he advised Davis of his rights before taking his statement on the 15th. Davis signed a waiver of rights form at 11:26 a.m. while Davis and Johnson were at Davis' house. At 11:37 a.m., Davis was given a breathalizer test which showed a .014% blood alcohol content. Davis gave his incriminating statement at 1:50 p.m. at the police station. Johnson testified that although Davis was intoxicated, he understood what he was saying when giving the statement.

Davis testified he told Officer Johnson he did not touch the victim, but he believed the officer threw this statement away. Although Davis's signature appears at the bottom of the statement, he said he did not make the statements contained in the more incriminating second half. Davis believed the second part of the statement was written in handwriting different from the first part. Johnson stated he wrote the entire statement and read it to Davis before Davis signed it. The State Crime Laboratory determined the statement was written by one person with the same writing instrument.

Davis stated he was intoxicated when he signed the waiver and gave his statement to the police. He said he consumed a large glass of whiskey and Coke late the night of the 14th. Davis also said Johnson told him if he did not sign the confession his children would be taken away and his wife would go to jail. Johnson denied

making the threat. During the revocation proceeding, Davis denied any improper sexual contact with the victim and stated he only gave her a massage because she seemed tense.

After hearing the evidence, the Trial Court ruled that at the time the statement was given Davis was not so intoxicated that he did not understand what he was saying, and the statement was admitted. The Trial Court also found the State did not prove penetration which was a necessary element of rape. Probation could be revoked on the lesser included offense of sexual abuse in the first degree which requires only sexual contact. The Court held no prejudice resulted from the State's failure to give notice in the petition of the lesser included offense as the basis for the revocation as Davis should have been prepared to defend against any lesser included offense of rape. Although the Trial Court made a finding of no penetration for purposes of the revocation hearing, in response to Davis's motion for directed verdict, he determined he had no authority to prohibit the State from trying Davis for rape.

At the jury trial on the rape allegation, the victim's testimony changed dramatically. She specifically stated penetration occurred. She tried to explain her earlier inconsistent testimony by saying she had not understood the body part references in the questions asked. A medical report was admitted showing the victim had a reddened labia and a tear at the opening of her vagina which was consistent with sexual abuse. The report also indicated the victim had been sexually abused at two years of age. The report stated the victim denied penetration occurred. Davis's testimony remained unchanged. He again denied any improper contact with the victim and stated he only gave her a massage. The Trial Court denied Davis's motion for directed verdict, stating conflicts in testimony went to the weight and credibility of witnesses.

## 1. Sufficiency of the evidence

Davis first argues the Trial Court erred by not granting his motion for directed verdict on the rape charge because there was insufficient evidence of penetration. On appeal from a denial of a directed verdict, we view the evidence in the light most favorable to the party against whom the verdict is sought and affirm if there is any substantial evidence to support the verdict. *Traylor* v.

*State*, 304 Ark. 174, 801 S.W.2d 267 (1990). Substantial evidence has been defined as being of sufficient force and character to compel a conclusion one way or the other, forcing the mind to pass beyond suspicion or conjecture. *Holloway* v. *State*, 293 Ark. 438, 738 S.W.2d 796 (1987).

We have held the testimony of the victim which shows penetration is enough for conviction, *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986), and the victim's testimony need not be corroborated to be sufficient. *See, e.g., Lackey* v. *State*, 283 Ark. 150, 671 S.W.2d 757 (1984); *Smith* v. *State*, 277 Ark. 64, 639 S.W.2d 348 (1982). Inconsistencies in testimony are for the jury to resolve. *Curtis* v. *State*, 301 Ark. 208, 783 S.W.2d 47 (1990).

## 2. Motion to withdraw

The second point is that the Trial Court erred by finding Davis indigent and denying his appointed counsel's motion to withdraw. Davis testified that based on the conflict between himself and appointed counsel over the motion, he would be prejudiced if counsel were allowed to continue with the case. The standard of review is whether the Trial Court has abused its discretion. *Toomer* v. *State*, 263 Ark. 595, 566 S.W.2d 393 (1978).

Nothing in Davis's argument or abstract demonstrates that Davis was in any way prejudiced by the Court's denial of Mr. Price's motion to be allowed to withdraw.

## 3. Revocation prior to conviction

Davis's next argument is that the Trial Court erred by not waiting to consider revocation of his probation until after disposition of the rape charge. This argument has consistently been rejected. Revocation on the basis of commission of a crime prior to conviction for that crime is not an abuse of discretion in all circumstances. *Rudd* v. *State*, 308 Ark. 401, 825 S.W.2d 565 (1992); *Ellerson* v. *State*, 261 Ark. 525, 549 S.W.2d 495 (1977); *Barnes* v. *State*, 254 Ark. 404, 494 S.W.2d 711 (1973). Arkansas Code Ann. § 5-4-309(d) (1987) provides a court may revoke suspension or probation *at any time* prior to the expiration of the period of suspension or probation.

### *4. Denno hearing prior to revocation hearing*

Davis contends the Trial Court erred by not holding the hearing on the voluntariness of his confession prior to the revocation hearing. He relies on Ark. Code Ann. § 16-89-107(b)(1) (1987) which states:

> The determination of any fact concerning the admissibility of a confession shall be made by the court when the issue is raised by the defendant; the trial court shall hear the evidence concerning the admissibility out of the presence of the jury, and it shall be the court's duty before admitting the confession into evidence to determine by a preponderance of the evidence that the confession has been made voluntarily.

■ Davis simply does not indicate how the Trial Court failed to comply with these statutory requirements. Furthermore, he has not shown how he was prejudiced by the Trial Court's decision to combine the *Denno* and revocation hearings. The Trial Court said if the statement was found to be involuntary, it would be suppressed immediately. The Court found the statement to be voluntary, and we will not reverse absent a showing of unfair prejudice. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied* 470 U.S. 1085 (1985).

### *5. Voluntariness of statement*

■ Davis argues the Trial Court erred by admitting his statement because it was given unknowingly due to intoxication and involuntarily due to a threat. We view these issues by looking at the "totality of the circumstances" displayed by the record. *Patterson* v. *State*, 306 Ark. 385, 815 S.W.2d 377 (1991). We will not reverse a Trial Court's decision with respect to suppression unless it is clearly erroneous. *State* v. *Graham*, 277 Ark. 465, 642 S.W.2d 880 (1982).

■■ The fact that an appellant might have been under the influence of alcohol at the time of his statement, will not of itself, invalidate his confession, but will only go to the weight accorded it. *McDougald* v. *State*, 295 Ark. 276, 748 S.W.2d 340 (1988); *Kennedy* v. *State*, 255 Ark. 163, 499 S.W.2d 842 (1973). Whether an accused was so incapacitated due to drugs or alcohol that he could not make an intelligent waiver of his rights is a

question of fact to be resolved by the trial court. *Baker v. State,* 289 Ark. 430, 711 S.W.2d 816 (1986). The test is whether the person had sufficient mental capacity at the time of giving his statement to know what he was saying and to have voluntarily intended it. *Kennedy* v. *State, supra.*

■ Davis signed a waiver of rights form at approximately 11:26 a.m., and he was given a breathalizer test at approximately 11:37 a.m. showing a .014% blood alcohol content. Davis testified he consumed one large glass of whiskey and Coke late the previous night. Officer Douglas testified Davis understood the meaning of his statement. Davis walked into the police station without assistance, and he answered questions without any indication of mental disabilities. Davis also remembered details about the incident. In these circumstances, we cannot say the Trial Court's decision that Davis had the capacity to waive his rights was clearly erroneous.

As to the alleged threat by Officer Johnson that Davis's children would be taken away and his wife sent to jail if he did not sign the confession, Johnson's denial posed a fact question.

■ The trial court must resolve conflicts in testimony, and we will not reverse unless the decision is clearly erroneous. *Patterson* v. *State, supra*; *Fuller* v. *State,* 278 Ark. 450, 646 S.W.2d 111 (1983). Davis has failed to show how the Trial Court's decision to believe Officer Johnson was clearly erroneous.

### 6. Revocation on lesser included offense

Davis contends the Trial Court erred by revoking probation on the lesser included offense of sexual abuse in the first degree after the State originally notified him in the petition that rape would be the basis for the revocation. He relies on Ark. Code Ann. § 5-4-310(b)(3) (1987) which states "the defendant shall be given prior notice of the time and place of the revocation hearing, the purpose of the hearing, and the condition of suspension or probation he is alleged to have violated." In the petition, the State specified the condition Davis was alleged to have violated, namely committing an offense punishable by imprisonment.

■ We have upheld revocations based on lesser included offenses. In *Selph* v. *State,* 264 Ark. 197, 570 S.W.2d 256 (1978), the appellant was charged with committing burglary in violation

of a condition of his suspended sentence. The Court recognized the evidence at the hearing was insufficient to show entry into a building. It was sufficient, however, to show the lesser included offense of breaking or entering which itself constituted a violation of the terms of the suspended sentence. *See also Felix* v. *State*, 20 Ark. App. 44, 723 S.W.2d 839 (1987).

### 7. Law of the case

Davis's last point is that the Trial Court erred by allowing the State to go to trial on the rape charge after finding no penetration during the revocation proceeding. Davis argues the finding of no penetration became law of the case for the subsequent proceedings.

The law of the case doctrine applies only when the evidence at the second proceeding is not materially different from the evidence presented in the first proceeding. *Findley* v. *State*, 307 Ark. 53, 818 S.W.2d 242 (1991); *See also Bussard* v. *State*, 300 Ark. 174, 778 S.W.2d 213 (1989) (law of the case as applied to admissibility of evidence). As discussed above, the evidence presented during the revocation hearing and the trial was materially different, and the law of the case doctrine is not applicable.

Affirmed.